UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------
                                                :
MICHAEL A. STARCHER, et al.                     :    CASE NO. 15-CV-01741
                                                :
            Plaintiffs,                         :
                                                :
vs.                                             :    ORDER AND OPINION
                                                :    [Resolving Doc. Nos. 5 and 6]
STATE FARM INSURANCE                            :
COMPANIES, et al.,                              :
                                                :
            Defendants.                         :
                                                :
------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

  Plaintiffs Michael Starcher and others have filed a motion to remand this case to state court.[1] With their motion, Plaintiffs argue that this Court lacks jurisdiction over this matter because diversity cannot be established. Defendants State Farm Insurance Companies oppose the motion for remand.[2] For the reasons discussed below, the Court **DENIES** Plaintiffs' motion to remand because the Court has diversity jurisdiction over this suit.

## I. FACTUAL BACKGROUND

  On July 23, 2015, Plaintiffs filed a complaint in the Court of Common Pleas, Cuyahoga County, Ohio, against Defendants.

  As background to the parties' dispute, in August 2014, Plaintiff Michael Starcher was

---

[1] Doc. 5.
[2] Doc. 6.

-1-

Case No. 15-CV-01741
Gwin, J.

involved in a motor vehicle collision with another vehicle.[3/] Plaintiffs assert that Haylei Elaine Cozart negligently drove the other vehicle and caused Starcher serious and permanent injuries as a result of the collision.[6/]

According to Plaintiffs, the tortfeasor's insurance company offered their policy limits of $50,000.00.[7/] Plaintiff Starcher then made an underinsured claim under his own policy with Defendants State Farm Insurance Companies. In response to Plaintiff's demand for under insured benefits, Defendants denied the underinsured claim..[8/]

On August 28, 2015, Defendants filed a Notice of Removal under diversity jurisdiction.[9/] On September 4, 2015, Plaintiffs filed a Motion to Remand to state court.[10/] In seeking to return the case to state court, the Plaintiffs argue that the case should be remanded to state court based on the provisions of 28 U.S.C. §1332(c). That section provides:

> For the purposes of this section and section 1441 of this title- (1) a corporation shall be deemed to be a citizen of every State and foreign State by which it has been incorporated and of the state where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business...

Plaintiffs argue that this case is a direct action against the insurer Defendants. Based on that contention, Plaintiffs argue Defendants should be deemed citizens of the State of Ohio, destroying

---

[3/] Doc.1.
[6/] *Id.*
[7/] Doc.5.
[8/] *Id.*
[9/] Doc.1.
[10/] Doc.5.

Case No. 15-CV-01741
Gwin, J.

diversity.

On September 18, 2015, Defendants filed an opposition to Plaintiffs motion to remand.[11]

## II. DISCUSSION

This Court agrees with Defendants State Farm's argument that this court has diversity jurisdiction. In deciding whether diversity jurisdiction exists, this Court needs to decide whether this case is a "direct action" under §1332(c). This Court finds that it is not.

As the Sixth Circuit explained in *Ljuljdjuraj v. State Farm Mutual Automobile Insurance Co.*,

> "the direct action proviso was designed to prevent local tort suits from overwhelming the federal courts. The proviso was adopted by Congress in response to state laws in Louisiana and Wisconsin that permitted plaintiffs to sue directly the insurers of tortfeasors without joining the tortfeasors as defendants. These state 'direct action' statutes created diversity jurisdiction where none had previously existed, since the (usually local) tortfeasors were not present in the suit to destroy complete diversity between the plaintiffs and the (usually out-of-state) insurers. The result was "a flood of essentially local lawsuits clogging already crowded district court dockets."[12]

In the Sixth Circuit, the direct action proviso does not apply in cases where Plaintiffs bring an action against their own uninsured motorist carrier.[13] Further, "careful analysis of both federal and Ohio law indicate that uninsured/under-insured motorist coverage is not liability insurance."[14]

The §1332(c) direct action proviso is premised on a direct action against an insurer of

---

[11] Doc. 6.

[12] *Ljuljdjuraj v. State Farm Mut. Auto. Ins. Co.*, 774 F.3d 908, 910 (6th Cir. 2014) (collecting citations).

[13] "We recognize that the direct action provision applies in certain situations involving insureds and insurers, but we conclude that it does not apply here…[W]hen an injured party sues her own uninsured motorist carrier, it is not a direct action." and "Applying the direct action provision to a dispute solely between an insured and her own insurance company would result in an absurdity–federal courts would never hear common insurance disputes because the insured and the insurer, the plaintiff and the defendant, would always be considered citizens of the same state." *Lee–Lipstreu v. Chubb Group of Ins. Cos.*, 329 F.3d 898, 899–900 (6th Cir.2003).

[14] *Tatar v. Liberty Mut. Fire Ins. Co.*, 214 F. Supp. 2d 834, 839 (S.D. Ohio 2002).

Case No. 15-CV-01741
Gwin, J.

liability insurance. This case revolves around an underinsured claim.[15] Because underinsured motorist coverage is not liability insurance, the direct action proviso does not apply to this claim. Thus, diversity jurisdiction is not destroyed.

Accordingly, for the reasons discussed above, the Court **DENIES** Plaintiffs' motion to remand to state court.

IT IS SO ORDERED.


Dated: September 25, 2015            s/     *James S. Gwin*
                                     JAMES S. GWIN
                                     UNITED STATES DISTRICT JUDGE

---

[15] Plaintiffs' motion to remand states, "it is undisputed that the present case is an underinsured claim arising out of a motor vehicle accident." Doc. 5.